# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| STATE OF OHIO, *et al.*, | Case No. 2:22-cv-00897-RFB-VCF |
| Plaintiffs, | **Report and Recommendation to Remand** |
| vs. | **And** |
| DEANDE L. BELMON, *in his capacity as Jus Sanguinis English Heir from The Kingdom of England, Great Britain Archbishop of The Third Temple English Church Of England and in his individual capacity,*[1] | **Order** |
| Defendant. | APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF NO. 1); PETITION FOR REMOVAL (ECF NO. 1-2) |

Pro se party DeAnde L. Belmon apparently has some traffic citations pending against him in the "Oregon Municipal Court" which is in a town called Oregon in the State of Ohio.[2] See ECF No. 1-1 at 4. Plaintiff also filed an application to proceed IFP. ECF No. 1. I sua sponte determine that removal is improper. ECF No. 1-1. I recommend that this action be remanded. I deny the application to proceed in forma pauperis as moot. ECF No. 1.

## DISCUSSION

Pursuant to 28 U.S.C. § 1455(b)(4), a district court shall examine a removal petition promptly. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* A defendant seeking to remove an action from state court must file a notice of removal with the federal court to which removal is sought. 28 U.S.C. § 1455(a). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent

---

[1] This is Belmon's case caption.
[2] I also note that Belmon has a similar case pending in this Court. See 2:22-cv-00891-RFB-BNW, *State of Ohio/City of Oregon v. Belmon.*

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Removal pursuant to 28 U.S.C.S. § 1441 applies to the removal of civil cases.

I reviewed the notice of removal and the attached citations to see if Belmont can show that this court has jurisdiction under the liberal pleading standard. The state court action(s) appear to all pertain to misdemeanor criminal traffic citations in Ohio. ECF No. 1-2 at 2. Plaintiff filed a notice of removal to "remove" these "cases" to this Court pursuant to diversity jurisdiction, federal law, and the "Treaty of Paris." *Id.* at 2. Belmon lists a Las Vegas address "c/o" as his address on this docket, but on the citations his address is listed as an Ohio address. *Id.* at 4.

Removal pursuant to 28 U.S.C.S. § 1441 applies to the removal of civil cases. Belmont's Ohio traffic ticket proceedings appear to be misdemeanor criminal cases which cannot be removed to this Court. There are no federal claims in the underlying cases so federal question jurisdiction does not exist. Complete diversity also does not exist since plaintiff lives in Ohio and using a "care of" Nevada address does not create diversity. The case caption at the top of the removal notice is also directed to the Northern District of Ohio, not Nevada. Plaintiff's citation to the Treaty of Paris is non-sensical, especially in the context of his removal notice, which is full of gibberish about being an English heir to King Clifford Jefferson. Even under the liberal pleading standard, Belmon has failed to establish a basis for removal. Based on the frivolous nature of Belmon's attempt to remove his Ohio traffic citation proceedings to this Court, I recommend that this case be remanded. I deny plaintiff's application to proceed informa pauperis as moot.

ACCORDINGLY,

I RECOMMEND that that this action be REMANDED.

I ORDER that Belmon's application to proceed in forma pauperis (ECF No. 1) is DENIED AS MOOT.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO RECOMMENDED and ORDERED.

DATED this 24th day of June 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE