UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STATE OF OHIO, | Case No. 2:22-cv-00897-RFB-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| DEANDE L. BELMON, | |
| Defendants. | |

      Before the Court for consideration is the Report and Recommendation (ECF No. 5) of the Honorable Cam Ferenbach, United States Magistrate Judge, entered on June 24, 2022. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Pursuant to Local Rule IB 3-2(a), objections were due by July 8, 2022. Defendant Belmon filed the Objection on July 8, 2022. ECF No. 6.

      In this case, the Magistrate Judge's Report and Recommendation recommends remanding the case to state court. The Magistrate Judge concluded that Defendant Belmon failed to show that this court has jurisdiction over his claim. The Magistrate Judge reviewed the notice of removal and attached citations and found that Defendant's state court action(s) all pertain to misdemeanor traffic-related citations in Ohio. The Magistrate Judge also noted that Defendant Belmon lists a

Las Vegas address "c/o" as his address on this docket, but all the citations list his address as being in Ohio. Based on these factual findings, the Magistrate Judge sua sponte determined that removal is improper as there was no federal question or diversity jurisdiction warranting removal under 28 U.S.C. § 1441.

Defendant Belmon filed an Objection to the Magistrate Judge's Report and Recommendation on July 8, 2022. The Objection states that Defendant is an English subject, heir, and member of The Third Temple English Church of England and has therefore established diversity. In support of this, Defendant references Articles of Incorporation that he and three other individuals signed, which appear to have established the nonprofit, The Third Temple English Church of England.

The Court has reviewed the notice of removal and attached citations and agrees with the Magistrate Judge's Report and Recommendation to remand the case as it was removed in the wrong jurisdiction and Defendant has not established either diversity or federal jurisdiction.

Under 28 U.S.C. § 1455(a), "A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal . . . ." In other words, to the extent Defendant seeks to remove his criminal case to federal court, he must do so in Ohio—not the District of Nevada. It appears that Defendant intended to remove this case to the Northern District of Ohio (see ECF No. 1-1 at 1) but filed his papers in the wrong court.

Moreover, Defendant Belmon has not met his burden in demonstrating that removal is proper. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) ("Th[is] strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). As the Magistrate Judge noted, each of the citations that Defendant attached to the Complaint identify him as having an Ohio address, thus making him a citizen of the same state as the Plaintiff in this case; the State of Ohio. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) (Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant). Defendant Belmon asserts he has provided the Court with evidence of diverse citizenship, but he only provides the Articles of Incorporation of a

particular nonprofit. It appears these Articles of Incorporation were filed in New Jersey; however, this does not establish that Defendant Belmon is a citizen of a different state or country. To the extent Defendant Belmon asserts diversity jurisdiction based on the citizenship of a nonprofit corporation, the Court finds that Defendant Belmon is the real party in interest in this case, and therefore only his citizenship matters.

Finally, the Court does not find that this case raises a federal question. The case appears to center on state misdemeanor citations issued by the State of Ohio against an Ohio resident. Defendant cannot construct federal question jurisdiction by simply listing federal causes of action unless these federal issues appear on the face of Plaintiff's well-pleaded complaint. See JustMed, Inc. v. Byce, 600 F.3d 1118, 1124 (9th Cir. 2010) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint.") For all the foregoing reasons, the Court adopts the recommendations of the Magistrate Judge and remands the case.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 9) is ACCEPTED and ADOPTED in full.

**IT IS FURTHER ORDERED** that this action is REMANDED and closed in this District.

**DATED:** January 19, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**